## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**MICHAEL M MILLER**
*Reg #44189-509*                                                                                    **PETITIONER**

**V.**                          **CASE NO. 2:23-cv-00234-BSM-JTK**

**C GARRETT,**
*Warden*                                                                                             **RESPONDENT**

### RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.   Discussion:**

Petitioner Michael Miller filed this petition for writ of habeas corpus on December 5, 2023. (Doc. No. 1) However, he did not pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* (IFP). On January 9, 2024, he was ordered to file a motion to proceed IFP or pay the $5.00 filing fee within 30 days. (Doc. No. 2) That Order also warned Mr. Miller that his failure to comply would result in the recommended dismissal of his petition. More than 30 days have passed, and Mr. Miller has not paid the filing fee or otherwise responded to the Order. Under these circumstances, the Court concludes that the petition should be dismissed without prejudice for

failure to pay the filing fee, failure to comply with Local Rule 5.5(c)(2), and for failure to respond to the Court's Order. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

### III.    Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Miller has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Miller has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### IV.    Conclusion:

The Court recommends that Judge Miller DENY and DISMISS Mr. Miller's petition for writ of habeas corpus (Doc. No. 1), without prejudice. Furthermore, Judge Miller should deny a certificate of appealability.

DATED this 6th day of March, 2024.

_____
UNITED STATES MAGISTRATE JUDGE